No. 3094.—CHARLES CASE, Receiver of the First National Bank of New Orleans, *v.* RICHARD TAYLOR.

A right resulting from a contract of labor between the State on the one hand and a private citizen on the other, is not liable to seizure for the debts of the latter. The contract entered into between the State of Louisiana on the one hand and Richard Taylor on the other, whereby the said Richard Taylor bound himself under bonds to widen and deepen the New Canal and to keep it in repair for a given time, for which the said Richard Taylor is to have and enjoy the tolls arising from the use of said canal and shell road by the public, is a contract resulting from the obligation to perform the labor of widening, deepening and improving the canal, and the tolls arising therefrom are not, therefore, liable to seizure by the judgment creditors of the said Richard Taylor.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *J. D. Rouse* and *Elmore & King,* for plaintiff and appellant. *W. H. Hunt* and *C. Roselius,* for defendant and appellee.

WYLY, J. The plaintiff has appealed from a judgment perpetuating the injunction sued out by the defendant restraining the plaintiff, his judgment creditor, from selling "all the right, title and interest of the defendant in and to the lease of the New Canal, granted to him by the State of Louisiana, as per act passed before T. O. Stark, notary public, March 6, 1866, together with his right of use and enjoyment of said canal thereunder and the revenues thereof."

The main question in this controversy is, what is the character of the thing or right the defendant has enjoined his judgment creditor from selling? Is it the lease of a thing, or is it a contract for labor, skill or industry? If it be the lease of a thing, there is no doubt that the right of the lessee may be seized and sold by his judgment creditor. 11 An. 432; 14 An. 217; 17 An. 174.

If, on the other hand, the contract seized has for its cause the labor, skill or industry of the defendant in operating and administering the public highway belonging to the State, the right of the defendant, the obligor in said contract, is not liable to seizure. "All contracts for the hire of labor, skill or industry, without any distinction, whether they can be as well performed by any other as by the obligor, unless there be some special agreement to the contrary, are considered as personal on the part of the obligor but heritable on the part of the obligee."

Case v. Taylor.

Revised C. C. 2007. Rights which are merely personal and of this character are not liable to seizure for the payment of debts. Revised C. C. 1992.

The right of the defendant to collect the tolls of the canal and shell road on the day the seizure was levied was the right which he held by contract with the State under the acts of 1866 and 1867. Under these acts and the act of 1870, the defendant acquired the right to collect the tolls imposed by law, and he incurred the corresponding obligation to do certain works for the State, to wit: to widen and deepen the canal, to construct certain basins and other works as stipulated, and to keep the canal and shell-road in good order. It seems to us that the right of the defendant which has been seized is a right resulting, not from a contract of lease, but from a contract for labor. As a remuneration for repairing, enlarging, improving and keeping in order the canal and shell road, its public highway by land and by water from the city to the lake, the State has given the defendant the right to collect the tolls thereon for a limited time. For the faithful performance of this work, the defendant has given securities accepted and approved by the State.

The contract before us, as modified by the acts of 1867 and 1870, is not a lease, because there is no fixed price, which is one of the essential elements of the contract of lease. Revised Civil Code, articles 2670, 2671. It matters not what name the parties have given to the instrument, its character is determined by its constituent elements. We therefore regard the right of the defendant, arising from his contract with the State, as a recompense for the personal services he has bound himself to perform for the State during the period of the contract; and this being a personal right, is not liable to seizure by virtue of article 1992 of the Revised Civil Code. Taking this view of the merits, it becomes unnecessary to consider the other questions presented for adjudication.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Mr. Justice Howe is recused in this case.

---

TALIAFERRO, J., *dissenting*. I dissent from the opinion of the majority of the court for the following reasons:

The rights and credits of a debtor may be seized under execution. Code of Practice, article 647. The right of the debtor in the present case is the right to receive the tolls of a public canal under a contract with the State to do certain work on that canal. I know of no law that prohibits the seizure of the defendant's right under this contract. What, then, is in the way of the judgment creditor's seizing and selling,

in default of any other property of his debtor, this right to receive the tolls of the canal to any person willing to buy it under the condition of performing the labor required to be done on the canal? The objection against doing this is said to be that the State has an interest in this contract, and the contract can not be interfered with by the substitution of another party in place of the one with whom the State contracted. But the obligation of the party bound to the State in this case is not a personal obligation. Hundreds of men could be had at any time to perform all the required labor as promptly and efficiently as it is now done. It is easy to perceive that there is no difficulty whatever in the matter of substituting another contractor, and equally easy to see that no injury could thereby arise to the State. The State has no right to object to such a substitution. It would comport indifferently with its dignity to undertake thus to screen a debtor from the pursuit of his creditors. The intervention of the State was unnecessary and uncalled for, and should be dismissed. The injunction should be dissolved, and the plaintiff allowed to maintain his seizure and proceed to a sale of the rights seized